IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**GRANT HUBBARD, ERIC KALISNIKOW,
JAMES DIAZ, and CORY BIGHAM, Each
Individually and on Behalf of All Others
Similarly Situated**

    **Plaintiffs,**

vs.           Case No. _____

**JERRY'S SEAMLESS GUTTERING INC.,
and JEROME KRECZMER**

    **Defendants.**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Grant Hubbard, Eric Kalisnikow, James Diaz and Cory Bigham, each individually and on behalf of all others similarly situated (collectively "Plaintiffs"), by and through their attorneys, file this Original Complaint—Collective Action ("Complaint") against Defendants Jerry's Seamless Guttering Inc., and Jerome Kreczmer (hereinafter collectively referred to as "Defendants"), do hereby state and allege as follows:

### I.      PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiffs against Defendants for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (the "FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs, as a result of Defendants' failure to pay Plaintiffs and all

other gutter installers lawful and proper overtime compensation for all hours worked in excess of forty (40) per week, as required by the FLSA.

2. Upon information and belief, for at least three years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, *infra*.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Southern District of Florida has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Defendants conduct business within the State of Florida, providing gutter sales, installation, and repair services within the State of Florida.

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Florida has personal jurisdiction over Defendants, and Defendants therefore "reside" in Florida.

6. The acts complained of herein were committed and had their principal effect against Plaintiffs within the West Palm Beach Division of the Southern District of Florida; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

7. Plaintiff Grant Hubbard ("Hubbard") is an individual and resident of Bexar County, Texas.

8. Plaintiff Eric Kalisnikow ("Kalisnikow") is an individual and resident of Bexar County, Texas.

9. Plaintiff James Diaz ("Diaz") is an individual and resident of Palm Beach County, Florida.

10. Plaintiff Cory Bigham ("Bigham") is an individual and resident of Palm Beach County, Florida.

11. Defendant Jerry's Seamless Guttering Inc. ("Jerry's Seamless Guttering"), is a Florida for-profit corporation, and may receive service of process through its registered agent for service of process, Jerome Kreczmer, at 1985 NW 10 Street, Delray Beach, Florida 33445.

12. Upon reasonable information and belief, Defendant Jerome Kreczmer ("Kreczmer") is an individual and resident of Palm Beach County, Florida.

13. Defendant Kreczmer is the owner, member, and officer of Jerry's Seamless Guttering.

14. Defendant Kreczmer operates as an employer alongside Jerry's Seamless Guttering, and had the power to hire and fire Plaintiffs, supervised Plaintiffs' work and determined Plaintiffs' work schedules, duties and tasks, and made decisions regarding Plaintiffs' pay, or lack thereof.

15. Defendant Jerry's Seamless Guttering was at all times relevant hereto operated as a single joint enterprise by and with Defendant Kreczmer, with centralized policies, particularly regarding pay, being applied to all employees and with unified control and management.

16. Defendants acted jointly as "employers" within the meanings set forth in the FLSA, and were, at all times relevant to the allegations in this Original Complaint, the employers of Plaintiff.

17. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies, and set schedules for their employees through unified management.

18. As a result of this unified operation, control, management, and ownership, with the authority to establish wages and pay policies, Defendants operate as a single enterprise.

### IV. FACTUAL ALLEGATIONS

19. Defendants operate a gutter sales, installation, and repair company based in Delray Beach, Florida, under the name of Jerry's Seamless Guttering.

20. Within the three years preceding the filing of this Complaint, Defendants continuously employed at least four employees, such as installers.

21. Defendants are and have been engaged in interstate commerce as that term is defined under the FLSA, and have during each of the three years preceding the filing of this Original Complaint had at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

22. Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of this Original Complaint.

23. Plaintiff Hubbard was employed by Defendants from February of 2014 through December of 2018 as a gutter installer.

24. Plaintiff Kalisnikow was employed by Defendants from February of 2014 through December of 2018 as a gutter installer.

25. Plaintiff Diaz was employed by Defendants from June of 2015 through April of 2019 as a gutter installer.

26. Plaintiff Bigham was employed by Defendants from 2014 through 2017 as a gutter installer.

27. Plaintiffs performed gutter sales, installation, repairs, and other duties incidental to gutter sales and installation on Defendants' behalf.

28. Plaintiffs performed gutter repair and installation services for Defendants solely within the State of Florida.

29. Defendants paid Plaintiffs and other similarly situated gutter installers a per job commission of 23-25% of the amount of each job, which went to the crew working the job and was split amongst them.

30. Defendants made deductions for federal and state taxes from each of Plaintiffs' pay checks in each pay period.

31. Defendants never paid Plaintiffs or other similarly situated gutter installers an overtime premium for any hours they worked in excess of forty (40) in any given workweek.

32. In at least one workweek, Plaintiffs performed their repair and installation duties for more than forty (40) hours per week.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

33. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

34. Plaintiffs bring their FLSA claims on behalf all gutter installers of Defendants at any time within the applicable statute of limitations period, who were denied a proper overtime premium of one and one-half (1.5) times their regular rate for all hours worked in excess of forty (40) per week and who are entitled to payment of the following types of damages:

    A.    Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendants in excess of forty (40) hours in each workweek;

    B.    Liquidated damages; and

    C.    A reasonable attorney's fee and costs.

35.    In conformity with the requirements of FLSA Section 16(b), Plaintiffs have attached hereto as Exhibits A, B, C, and D their written Consents to Join this lawsuit.

36.    The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

37.    The members of the proposed FLSA collective category of all gutter installer employees are similarly situated in that they share these traits:

    A.    They were paid per job commission;

    B.    They performed same or similar job duties;

    C.    They recorded their time in the same manner; and

    D.    They were subject to Defendants' common practice of not paying a lawful overtime premium for all hours worked over forty (40) hours per workweek.

38.    Plaintiffs are unable to state the exact number of the members of the proposed FLSA collective group but believe that the group exceeds thirty (30) persons.

39.    Defendants can readily identify the members of the Section 16(b) collective group.  The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action members are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action members via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as

soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claims.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of the FLSA)

40. Plaintiffs repeat and re-allege paragraphs 1-39 of this Complaint as if fully set forth in this section.

41. Plaintiffs individually assert claims for damages and declaratory relief pursuant to the FLSA.

42. During Plaintiffs' tenure with Defendants, Defendants misclassified each of them as exempt from overtime compensation.

43. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

44. At all relevant times, Defendants were Plaintiffs' "employer" within the meaning of the FLSA, 29. U.S.C. § 203.

45. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees one and one-half (1.5) times their regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

46. Despite the entitlement of each Plaintiff to overtime payments under the FLSA, Defendants failed to pay any Plaintiff an overtime rate of one and one-half (1.5) times his regular rate of pay for all hours worked over forty (40) in each one-week period.

47. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

48. By reason of the unlawful acts alleged herein, Defendants are liable to individual Plaintiffs for, and Plaintiffs seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint, as provided by the FLSA.

49. Alternatively, should the Court find that Defendants acted in good faith in failing to pay each Plaintiff as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

50. Plaintiffs repeat and re-allege paragraphs 1-39 of this Complaint as if fully set forth in this section.

51. Plaintiffs bring this collective action on behalf of themselves and all other gutter installers of Defendants within the three years preceding the filing of this Complaint to recover monetary damages owed by Defendants to Plaintiffs and members of the putative collective for unpaid overtime compensation for all the hours they worked in excess of forty (40) each week.

52. Plaintiffs bring this action on behalf of themselves and all other gutter installer employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

53. 29 U.S.C. § 206 and 29 U.S.C. § 207 require employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

54. Like Plaintiffs, other gutter installer employees regularly worked more than forty (40) hours in a week.

55. Defendants failed to pay these workers at the proper overtime rate for all hours worked in excess of forty (40) hours in a week, despite their entitlement thereto.

56. Because these employees are similarly situated to Plaintiffs, and are owed lawful overtime compensation for the same reasons, the proposed collective is properly defined as:

**All gutter installer employees within the past three years.**

57. Defendants' conduct and practices, as described above, have been and are willful, intentional, unreasonable, arbitrary and in bad faith.

58. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including a reasonable attorney's fee, as provided by the FLSA.

59. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs respectfully pray that each Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. A declaratory judgment that Defendants' practices alleged herein violate the FLSA, and its relating regulations;

B. That Defendants be required to account to Plaintiffs, the collective members, and the Court for all of the hours worked by them and all monies paid to them;

C. A declaratory judgment that Defendants' practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*;

D.  Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E.  Judgment for damages for all unpaid overtime compensation under the FLSA and attendant regulations at 29 C.F.R. §516 *et seq*.;

F.  Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. §516 et seq., in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the collective during the applicable statutory period;

G.  For a reasonable attorney's fee, costs and pre-judgment interest; and

H.  Such other and further relief as this Court may deem necessary, just and proper.

Dated this 20th day of December, 2019.

Respectfully submitted,

**PLAINTIFFS GRANT HUBBARD, ERIC KALISNIKOW, JAMES DIAZ, and CORY BIGHAM, Each Individually and on Behalf of All Others Similarly Situated**

/s/ C. RYAN MORGAN
C. Ryan Morgan, Esq.
Fla. Bar No. 0015527
rmorgan@forthepeople.com
MORGAN & MORGAN, P.A.
20 North Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
**Local Counsel for Plaintiffs**

Blake Hoyt
*Pro hac vice* motion forthcoming
blake@sanfordlawfirm.com
SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411

Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
**Counsel for Plaintiffs**