UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:19-cv-81705-RAR

GRANT HUBBARD, ERIC
KALISNIKOW, JAMES DIAZ,
and CORY BIGHAM, each
individually and on behalf of all
others similarly situated

        Plaintiffs,

vs.

JERRY'S SEAMLESS GUTTERING,
INC. and JEROME KRECZMER

        Defendants.
_____/

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND JURY TRIAL DEMAND

Defendants Jerry's Seamless Guttering, Inc. ("JSG") and Jerome Kreczmer ("Kreczmer") (collectively, the "Defendants") respond to the Amended Complaint and say:

1. Admitted that Plaintiff brought a lawsuit to recover monetary damages, but denied as to the extent this paragraph imputes liability on Defendants.

2. Denied.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted that Defendants' business is in West Palm Beach County, FL. It is denied that Defendants did anything improper.

7. Without knowledge.

8. Without knowledge.

9. Without knowledge.

10. Without knowledge.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Denied.  Plaintiff Hubbard was employed from April 29, 2015 until November 29, 2018.

24. Denied.

25. Denied.  Plaintiff Kalisnikow was employed from April 29, 2015 until September 27, 2018, but took extended absences during this term due to personal reasons.

26. Denied.

27. Denied.  Plaintiff Diaz was employed by Defendants from June 7, 2017 to June 29, 2019.

28. Denied.

29. Denied. Plaintiff Bigham was employed by Defendants from June 24, 2015 until June 17, 2017.

30. Denied.

31. Admitted.

32. Admitted.

33. Admitted generally, although how it was split amongst the crew was not determined by Defendants.

34. Admitted.

35. Denied.

36. Admitted.

37. Paragraph 37 is a statement of law that does not require a response. To the extent a paragraph 40 imputes liability on Defendants, it is denied.

38. Denied.

39. Without knowledge.

40. Paragraph 38 is a statement of law does not require a response. To the extent a paragraph 40 imputes liability on Defendants, it is denied.

41. Denied.

42. Denied.

43. Paragraph 43 is a statement of law that does not require a response. To the extent paragraph 40 imputes liability on Defendants, it is denied.

Count I

44. Defendants incorporate their responses to paragraphs 1-43 of this Answer as if fully set forth herein.

45. Admitted.

46. Denied.

47. Denied.

48. Admitted.

49. Admitted.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

## Count II

54. Defendants incorporate their responses to paragraphs 1-43 of this Answer as if it is fully set forth herein.

55. Paragraph 55 states a conclusion of law that does not require an admission or denial. To the extent paragraph 55 imputes liability on Defendants, it is denied.

56. Paragraph 56 states a conclusion of law that does not require an admission or denial. To the extent paragraph 55 imputes liability on Defendants, it is denied.

57. Paragraph 57 states a conclusion of law that does not require an admission or denial. To the extent paragraph 55 imputes liability on Defendants, it is denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63.   Denied.

## AFFIRMATIVE DEFENSES

1.   Defendants at all times acted in good faith and did not believe it was violating the FLSA in any way.

2.   Plaintiffs' claims are barred by the doctrine of avoidable consequences.

3.   Plaintiffs' claims are prohibited by estoppel as Plaintiffs misrepresented their work hours and Defendants relied upon these misrepresentations.

4.   Any claims for damages before January 2017 are barred by the applicable statute of limitations.

5.   Plaintiff's damages are offset by payments made for non-compensable time.

6.   Plaintiff's damages are barred by the doctrine of unclean hands as much of the time he is claiming was never reported to Defendants and he was performing illegal activities during alleged working hours.

7.   Plaintiffs', and those individuals Plaintiffs purports to represent, are not similarly situated under the FLSA because Plaintiffs' and those individuals utilized different areas throughout Palm Beach County to work, had different day-to-day practices, at different time periods, and under different circumstances, during the relevant time period in question.

8.   Certification of a class action under these circumstances would violate the parties' rights under the United States Constitution.

9.   The types of claims Plaintiffs have alleged on their own, and on the behalf of similarly situated employees, the existence of whom Defendants deny, are claims in which individual questions predominate and for which class treatment is not appropriate.

10. Plaintiffs' claims and the claims of those individuals he seeks to represent, are barred by the doctrines of release and waiver to the extent any such individual executed a valid waiver and release of such claims in exchange for consideration.

11. Plaintiffs' claims and the claims of those individuals Plaintiffs seek to represent are barred by failing to satisfy the opt-in requirements of 29 U.S.C. § 216(b).

12. Plaintiffs are inadequate representatives of the alleged similarly situated group of persons whom he purposes to represent, the existence of which is expressly denied, and certain of Plaintiffs' interests are in conflict with the interests of some or all of the members of the individuals Plaintiffs purports to represent.

13. Some or all of the purported claims in the Complaint are barred because Plaintiffs have not and cannot show that collective or class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy.

14. Some or all of the purported claims in Plaintiff's complaint are barred because the purported class members are not so numerous that joinder of each member would be impracticable.

<u>Jury Trial Demand</u>

Defendants demand a trial by jury.

Attorneys for Defendants
BLACK LAW P.A.
1401 E Broward Blvd.
Suite 204  Fort Lauderdale FL 33301
Ph. 954-320-6220, fx. 954-320-6004


By: _____s/ *Kelsey K. Black*_____
　　　Kelsey K. Black
　　　Florida Bar No. 078925
　　　kelsey@kkbpa.com