UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:19-cv-81705-RAR

GRANT HUBBARD, ERIC
KALISNIKOW, JAMES DIAZ,
and CORY BIGHAM, each
individually and on behalf of all
others similarly situated

        Plaintiffs,

vs.

JERRY'S SEAMLESS GUTTERING,
INC. and JEROME KRECZMER

        Defendants.
_____/

**DEFENDANTS' RESPONSE IN PARTIAL OPPOSITION TO
<u>PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION</u>**

Defendants Jerry's Seamless Guttering, Inc. ("JSG") and Jerome Kreczmer ("Kreczmer") (collectively, the "Defendants') respond to Plaintiff's Motion for Conditional Certification, Disclosure of Contact Information, and to send Notices, and say:

While Defendants do not agree with the bulk of Plaintiff's claims, Defendants do not oppose conditional certification at this phase of the litigation, given the lenient application of the standard. *See Dosier v. DBI Services, LLC*, 2020 WL 881698 at *4 (M.D. Fla. Feb. 24, 2020). Defendants, however, oppose the method for notification and notice form, and while Plaintiff and Defendant have been working together to reach an agreement on all issues pending before the Court regarding condition certification, these discussions have broken down on two key issues:

    1. Inclusion of the contact information for defense counsel on the notice; and

2. An additional sentence at the end of paragraph 6 of the notice that states: "Defendant may attempt to recover its costs and attorney fees from the potential class members if there is no judgment in Plaintiff's favor and the Court concludes the Plaintiffs litigated in bad faith."

Defendants had other issues with the notice that they were able to reach an agreement with Plaintiff on in an attempt by both sides to narrow the issues for the Court to decide, such as:

1-As for method of contact for the employees, the parties have agreed that Defendant will provide last known mailing address and email address, but will not provide phone numbers unless Defendants do not have an email address (the original notice required all three methods of contact).

2-Plaintiff agreed to give Defendant 14 days to provide the contact information requested.

3-Plaintiff agreed to delete the second sentence of paragraph 7 that states "if you choose not to join this suit, you are free to file your own lawsuit."

4- Plaintiff agreed to change the first sentence of the second paragraph of Section 6 to read "If you were employed with Jerry's as a gutter installer employee at some time since December 20, 2016, you may opt-in to this lawsuit."

## Legal Authority

Courts in Florida have routinely held that the inclusion of defense counsel's name and contact information is proper. *Dozier*, 2020 WL 881698 at *4; *Gonzalez v. TZ Ins. Sols., LLC*, 2014 WL 1248154 at *5 (M.D. Fla. March 26, 2014); *Garcia v. J&J, Inc.*, 2019 WL 3457613 at *4 (S.D. Fla. July 30, 2019). Courts include this this information to prevent misleading communications and <u>complete</u> information to potential class members. *Id.* In addition, Florida courts have generally required Plaintiffs to be informed of the risk of costs/fees being recovered against them, should it be found that they have litigated in bad faith. *Id.* For these reasons, Defendants request the following language contained in Paragraph 6 of the Notice: "Defendant may attempt to recover its costs and attorney fees from the potential class members if there is no judgment

in Plaintiff's favor and the Court concludes the Plaintiffs litigated in bad faith." This is substantially similar, if not the exact, language used in other courts in this district and the Middle District. *Garcia v. J&J, Inc.,* 2019 WL 3457613 at *5 (S.D. Fla. July 30, 2019); *Lockwood v. CIS Servs., LLC,* 2017 WL 6335955, at *4 (M.D. Fla. Sept. 25, 2017); *Compagnone v. DL Pool Serv.*, LLC, 2016 WL 657087, at *6 (M.D. Fla. Nov. 7, 2016); *Desimoni v. TBC Corp.*, 2016 WL 8969196, at *7 (M.D. Fla. April. 25, 2016).

Finally, while Defendant did not raise this issue with Plaintiff during its negotiations on the notice, Defendant realized that the notice does not give the potential class members the right to choose their own counsel. In Florida, this is improper, and the language in paragraph (8) should be changed to inform the potential class members that they have the right to choose their own counsel and if they sign the "consent to join," they can write in the name of their selected counsel. *See Dozier*, 2019 WL 3457613 at *4. Thus, both the notice and the consent to join would need to be revised to reflect this change.

As the Court can determine from above, Defendants have been reasonable in attempting to reach an agreement on Plaintiff's Motion and proposed Notice/Consents. However, without the above listed changes, Defendants cannot consent to the notice/consents in the format provided by Plaintiff. Defendants ask that should this Court conditionally certify the class as specified by Plaintiffs, that the Court order: (1) Defendants to provide name, last known address, and emails for the collective members, and only provide the phone number if the email address is not available, within 14 days of the Order; (2) require Plaintiff to make the edits already agreed to with Defendant in the proposed Notice; and (3) provide Defense counsel's contact information, provide the language quoted above on attorney's fees and costs in Paragraph 6 of

3

the Notice, and order Plaintiff to include language in the Consent that allows potential class members to write-in the name of their own counsel.

WHEREFORE, Defendants request that the Court require Plaintiff to revise the notice as discussed above, revise the form as discussed above, and allow Defendants 14 days to provide names, last known addresses, emails, and if no email, phone numbers for the alleged similarly situated employees.

Respectfully submitted,

Attorneys for Defendants
BLACK LAW P.A.
1401 E Broward Blvd.
Suite 204  Fort Lauderdale FL 33301
Ph. 954-320-6220, fx. 954-320-6004


By:            s/ *Kelsey K. Black*
        Kelsey K. Black
        Florida Bar No. 078925
        kelsey@kkbpa.com