## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 19-CIV-81705-RAR

**GRANT HUBBARD,** *et al.*, *individually*
*and on behalf of all others similarly situated*,

      Plaintiffs,

v.

**JERRY'S SEAMLESS GUTTERING, INC.,** *et al.*,

      Defendants.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART
### PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION,
### FOR DISCLOSURE OF CONTACT INFORMATION AND TO SEND NOTICES

      **THIS CAUSE** comes before the Court on Plaintiffs' Motion for Conditional Certification,

for Disclosure of Contact Information and to Send Notices [ECF No. 37] ("Motion"), filed on May

27, 2020.  In the Motion, Plaintiffs seek collective action certification under the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. section 201 *et seq.*, and facilitation of notice to members of

the purported class.  Defendants filed a response partially opposing the Motion on June 10, 2020

[ECF No. 38] ("Response").  Defendants do not oppose conditional certification at this stage of

the litigation, but object to certain aspects of Plaintiffs' proposed notice to putative class members.

*See* Response at 1.  Having reviewed the Motion, Response, and Plaintiffs' Reply [ECF No. 39],

and being otherwise fully advised, it is hereby

      **ORDERED AND ADJUDGED** that Plaintiffs' Motion [ECF No. 37] is **GRANTED IN**

**PART AND DENIED IN PART** as set forth herein.

## BACKGROUND

Plaintiffs were formerly employed by Defendants Jerry's Seamless Guttering, Inc. and Jerome Kreczmer as gutter installers. *See* Am. Compl. [ECF No. 7] ¶¶ 23-30. On December 20, 2019, Plaintiffs filed this action alleging that Defendants violated the overtime provisions of the FLSA. Plaintiffs contend that Defendants paid Plaintiffs and other similarly situated gutter installers a per job commission but deprived them of overtime pay for hours they worked in excess of forty (40) hours per workweek. *See* Am. Compl. ¶¶ 33, 35. Plaintiffs therefore seek conditional certification of a class defined as follows: "All gutter installer employees who worked for Jerry's Seamless Guttering at any time after December 20, 2016." *See* Mot. ¶ 3. Plaintiffs also seek the Court's approval of their proposed documents and plan for facilitating notice to putative class members. *See* Mot. at 5.

Defendants do not oppose conditional certification at this stage of the litigation. However, they have three objections to Plaintiffs' proposed notice documents. ***First***, Defendants argue that defense counsel's contact information should be included in the Notice of Right to Join Lawsuit [ECF No. 37-2] ("Notice"). *See* Resp. at 1. ***Second***, Defendants seek to add a sentence to the Notice stating: "Defendant may attempt to recover its costs and attorney fees from the potential class members if there is no judgment in Plaintiff's favor and the Court concludes that the Plaintiffs litigated in bad faith." *Id.* at 2. ***Third***, Defendants argue that the Notice and the Consent to Join Collective Action [ECF No. 37-3] ("Consent") should be revised to make clear that opt-in class members can select their own counsel. *Id.* at 3.

## LEGAL STANDARD

The FLSA authorizes a plaintiff alleging a violation of the Act to bring a collective action on behalf of "similarly situated" persons subject to the requirement that prospective plaintiffs file

a written consent in the court where the action is brought.  29 U.S.C. § 216(b).  In the interest of

judicial economy, district courts have discretionary power to authorize the sending of notice to

potential class members.  *See Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 171 (1989).

Because the FLSA does not provide a procedure for evaluating the viability of a collective action,

federal courts generally use a two-step approach.  *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d

1208, 1219 (11th Cir. 2001).  The first step is often referred to as the conditional certification or

notice stage and courts typically require only a minimal factual showing that the named plaintiffs

and potential opt-ins are similarly situated.  *Id.* at 1218-19.[1]  If conditional certification is granted,

notice is sent to potential opt-ins and discovery proceeds.  *Id.*

    In order to grant conditional collective action certification, the Court must, at a minimum,

satisfy itself that there are other employees who (1) are similarly situated with regard to their job

requirements and pay provisions, and (2) desire to opt into the case.  *See Dybach v. Fla. Dep't of

Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991).  The phrase "similarly situated" is interpreted

broadly; Plaintiffs need to show only that their positions are similar, not identical, to positions held

by the putative class to include all potentially affected employees who may have an interest in the

suit.  *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996).  It is well settled that the

conditional certification determination is made using a fairly lenient standard, as it occurs early in

the proceeding when there is minimal evidence in the record, and it is granted as long as the

plaintiff shows a colorable basis for their claim that the potential class members are similarly

situated.  *Hipp*, 252 F.3d at 1218.

    Because the FLSA requires potential class members to affirmatively opt-in, the "benefits

of a collective action depend on employees receiving accurate and timely notice . . . so that they

---

[1]  The second step is typically triggered by a motion for decertification from the defendant that is usually
filed after discovery is largely complete.  *See id.* at 1218 (internal citation omitted).

can make informed decisions about whether to participate." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1259 (11th Cir. 2008) (quoting *Sperling*, 493 U.S. at 170) (internal quotation marks omitted).  District courts have broad discretion to exercise control over the collective action, including ensuring that communications to potential plaintiffs are not misleading or confusing. *See Billingsley v. Citi Trends, Inc.*, 560 F. App'x 914, 921 (11th Cir. 2014).

## ANALYSIS

### A.  *Conditional Certification*

Plaintiffs have made a sufficient showing to justify the unopposed conditional certification of their proposed class:  "All gutter installer employees who worked for Jerry's Seamless Guttering at any time after December 20, 2016."  Three named plaintiffs submitted declarations indicating that they were gutter installers at Jerry's Seamless Guttering, Inc. within the three years prior to this action being filed, and that all the gutter installers employed by Defendants in that timeframe had the same or substantially similar job duties—selling, installing, and repairing gutter systems. *See* Decl. of Grant Hubbard [ECF No. 37-8] ("Hubbard Decl.") ¶¶ 4, 6-7; Decl. of Eric Kalisnikow [ECF No. 37-9] ("Kalisnikow Decl.") ¶¶ 4, 6-7; Decl. of James Diaz [ECF No. 37-10] ("Diaz Decl.") ¶¶ 4, 6-7.

The declarations also state that Plaintiffs and the other gutter installers who worked for Defendants during the relevant timeframe were subjected to the same overtime violations.  *See* Hubbard Decl. ¶¶ 8-10; Kalisnikow Decl. ¶¶ 8-10; Diaz Decl. ¶¶ 8-10.  Plaintiffs indicate that they are aware of as many as twenty similarly situated gutter installers who would be interested in joining this lawsuit.  *See* Hubbard Decl. ¶ 11; Kalisnikow Decl. ¶ 11; Diaz Decl. ¶ 11.  The Court finds that the declarations submitted by Plaintiffs satisfy the lenient standard for conditional certification at this stage in the litigation.

### B. Notice

Having concluded that conditional certification is appropriate, the Court now turns to Plaintiffs' request for approval of their plan for facilitating notice and the documents attached to the Motion. Although the Court finds that Plaintiffs' general plan for notice distribution is reasonable, the Court agrees with Defendants' objections to the Notice and Consent forms and will require modifications to those documents.

First, the Court finds that in the interest of providing complete information to potential opt-in plaintiffs, the Notice should contain the contact information for both Plaintiffs' counsel and Defendants' counsel. *See Garcia v. J&J, Inc.*, No. 19-CV-60728, 2019 WL 3457613, at *4 (S.D. Fla. July 31, 2019) (requiring plaintiffs to modify notice to add defense counsel's contact information); *Dozier v. DBI Servs., LLC.*, No. 3:18-CV-972-J-39MCR, 2020 WL 881698, at *4 (M.D. Fla. Feb. 24, 2020) (same). The Court acknowledges that some courts have declined to require defense counsel's contact information in the notice due to concerns that it could confuse potential plaintiffs. *See, e.g., Crawford v. Refinishing Touch, Inc.*, No. 1:15-CV-3027-SCJ, 2016 WL 7744391, at *3 (N.D. Ga. July 1, 2016); *Martins v. Flowers Foods, Inc.*, No. 8:16-CV-3145-MSS-JSS, 2018 WL 8576598, at *3 (M.D. Fla. Oct. 22, 2018). However, confusion can be avoided by having the Notice clearly identify who represents each side. To that end, defense counsel's contact information should be listed under a separate heading entitled "DEFENDANTS' COUNSEL" and shall not be included in paragraph 9 entitled "FURTHER INFORMATION."

Second, the Court agrees with Defendants that the Notice should warn potential plaintiffs of the possibility that Defendants will seek to recover costs and/or attorney's fees if Plaintiffs do not prevail. The FLSA entitles a prevailing defendant to recover attorney's fees if the district court finds that plaintiffs litigated in bad faith. *See Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428,

1437 (11th Cir. 1998).  Fed. R. Civ. P. 54(d)(1) also allows a prevailing party to recover its taxable

costs against the non-prevailing party.   These possibilities should be disclosed to potential

plaintiffs so that they can make informed decisions about whether to participate in the lawsuit.  *See*

*Dean v. W. Aviation, LLC*, No. 17-CV-62282, 2018 WL 1083497, at *4 (S.D. Fla. Feb. 28, 2018)

(instructing plaintiffs to revise notice to disclose potential liability for costs and attorney's fees);

*Didoni v. Columbus Rest., LLC*, 327 F.R.D. 475, 481 (S.D. Fla. 2018) (finding that notice was

deficient because, among other things, it did not "advise potential class members of all potential

consequences of joining the litigation, including liability for indemnification, attorney's fees and

costs.").  Plaintiffs are therefore required to add the following sentences to the end of paragraph 6

of the Notice:

> Defendants may attempt to recover costs from the class members if
> there is no judgment in Plaintiffs' favor.  Defendants may also
> attempt to recover attorney's fees from the class members if there
> is no judgment in Plaintiffs' favor <u>and</u> the Court concludes that
> Plaintiffs litigated in bad faith.[2]

Third, the Notice and Consent do not make clear that opt-in plaintiffs may retain their own

counsel.  Paragraph 8 of the Notice states "[y]ou have the right to hire your own attorney and

pursue your potential claims individually."  This language suggests that potential plaintiffs may

only retain their own counsel if they do not join this action.  The Consent also does not give

potential plaintiffs the option of selecting their own counsel.  Rather, it states "I consent to

becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC . . . ."

The Court therefore agrees with Defendants that revisions to the Notice and Consent are warranted

---

[2]  The Court has modified Defendants' proposed language for this section, *see* Resp. at 2, to clarify that "in
FLSA cases, costs and attorney's fees are not governed by the same standard."  *Aiyekusibe v. Hertz Corp.*,
No. 218CV816FTM38MRM, 2020 WL 814000, at *1 (M.D. Fla. Feb. 19, 2020).  A prevailing FLSA
defendant "must prove plaintiff acted in bad faith or for vexatious, wanton, or oppressive reasons" to
recover attorney's fees, whereas the bar to recover taxable costs is lower and governed by Fed. R. Civ. P.
54(d)(1). *Id.*

to clarify that opt-in plaintiffs may have their own counsel. *See Garcia*, 2019 WL 3457613, at *4 ("[T]he Consent improperly contains language in which opt-in plaintiffs agree to be represented by Plaintiffs' counsel . . . Such language must be removed as it does not give potential opt-in plaintiffs the right to choose their own attorney.").[3]

Accordingly, Plaintiffs are directed to modify the Notice and Consent so that potential plaintiffs are informed that they may retain their own counsel, should they choose to join this litigation, as an alternative to the named Plaintiffs' counsel. Additionally, the Consent shall give opt-in plaintiffs the ability to fill in the name of their selected counsel.

## CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion [ECF No. 37] is **GRANTED IN PART AND DENIED IN PART.**

2. The Court conditionally certifies the following collective action under § 216(b) of the Fair Labor Standards Act: "All gutter installer employees who worked for Jerry's Seamless Guttering at any time after December 20, 2016."

3. Within **fourteen (14) days** of this Order, Defendants shall produce to Plaintiffs an Excel spreadsheet containing the contact information of all gutter installer employees who worked for Jerry's Seamless Guttering at any time after December 20, 2016, including name, last known mailing address, and email address ("Class List"). If Defendants do not have a potential plaintiff's email address, they must provide that potential plaintiff's phone

---

[3] *See also Likes v. DHL Express (USA), Inc.*, No. 2:08-CV-428-AKK, 2010 WL 11561482, at *2 (N.D. Ala. Mar. 9, 2010) (indicating that the statement "you may also join this lawsuit by retaining another lawyer of your own choosing" should be emboldened to ensure that potential plaintiffs do not overlook it); *Martins*, 2018 WL 8576598, at *3 (finding that Notice adequately advised potential opt-in plaintiffs that by opting into the action, they were not bound to be represented by the named plaintiff's counsel); *Belloso v. Asplundh Tree Expert, Co.*, No. 617CV2020ORL40GJK, 2018 WL 4760671, at *4 (M.D. Fla. Aug. 24, 2018) ("Because opt-in plaintiffs would indeed have the right to retain their own counsel, the Court finds nothing improper with including this information.").

number.  Upon delivery of the Class List, Defendants shall promptly file a Notice of Compliance with this part of the Court's Order.

4. On or before **<u>October 12, 2020</u>**, the parties shall jointly file for the Court's approval revised versions of the Notice [ECF No. 37-2] and Consent [ECF No. 37-3] consistent with this Order.  The revised Notice and Consent shall also incorporate the parties' agreed-upon revisions listed on page two (2) of Defendants' Response [ECF No. 38].

5. Subject to the revisions to the Notice and Consent required by this Order, the Court approves Plaintiffs' proposed plan for distributing notice to potential class members, including notice through U.S. mail and email and the sending of the follow-up Postcard via U.S. mail and a reminder email.

6. Plaintiffs shall have **ninety (90) days** from the date Defendants produce the Class List *or* from the date the Court approves the revised Notice and Consent, whichever is later, during which to distribute the Court-approved Notice and to file Consent forms.

7. Within **five (5) days** of the Court's approval of the revised Notice and Consent, Defendants are required to post the Notice and Consent in a conspicuous location in the same areas where they post government-required notices.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 6th day of October, 2020.

                                                           _____

                                                           **RODOLFO A. RUIZ II**
                                                            **UNITED STATES DISTRICT JUDGE**

cc:      counsel of record